IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 15-0213-WS-C |
| | ) |
| HAROLD ROLAND REED, III, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter comes before the Court on the plaintiff's Motion for Entry of Default Judgment against Defendant Regions Bank (doc. 42).

Plaintiff, United States of America, brought this action against Harold Roland Reed, III, and other defendants to obtain a money judgment for Reed's unpaid federal tax assessments and to foreclose federal tax liens against certain real property owned by Reed.[1]  Among the named defendants is Regions Bank, which the Government named as a defendant in this action "because it may claim a mortgage lien on the Baldwin County property" as to which foreclosure is sought. (Doc. 1, ¶ 9.)[2]

---

[1] That real property is located in Baldwin County, Alabama, at 221 Alston Street S., Foley, Alabama 36535.  It is more particularly described as follows: "Lot 12, Block 31, MAGNOLIA SPRINGS LAND COMPANY'S ADDITION TO THE TOWN OF FOLEY, ALABAMA, according to the map or plat thereof of record in Map Book 1 at page 25." (Doc. 1, Exh. 4.)

[2] Well-pleaded facts in the Complaint allege that Regions Bank advised the Internal Revenue Service in May 2014 that the outstanding balance of indebtedness for its mortgage on the subject property was just $11.90. (Doc. 1, ¶ 30 & Exh. 9.)  Given its *de minimis* financial interest in the foreclosure property, Regions Bank's inclusion in this lawsuit appears to have been done solely in an abundance of caution.

The Government sought to obtain waiver of service from all defendants; however, its efforts to do so were unsuccessful as against Regions Bank. (Docs. 7, 18.)[3] On that basis, the Government retained a private process server, who served the Summons and Complaint on Regions Bank, by and through its registered agent in Alabama, via personal service on June 3, 2015. (Doc. 31.) By operation of Rule 12(a)(1)(A)(i), Fed.R.Civ.P., Regions Bank was obligated to answer or otherwise respond to the Complaint on or before June 24, 2015. When that deadline passed without Regions Bank taking any steps to appear or defend, the Government applied to the Clerk of Court for entry of default on July 2, 2015. (Doc. 35.)[4] On July 7, 2015, a Clerk's Entry of Default (doc. 38) was entered against Regions Bank pursuant to Rule 55(a), Fed.R.Civ.P., for failure to plead or otherwise defend. A copy of that Entry of Default was mailed to Regions Bank at its service address. The Government's Motion for Entry of Default Judgment against Regions Bank followed on July 21, 2015, with a copy of such Motion likewise being served on Regions Bank's registered agent. Despite entry of default against it and repeated notification of these default proceedings, Regions Bank has never appeared or defended in this action, much less sought to set aside the entry of default.

Given this course of conduct and the trivial outstanding balance ($11.90) on Regions Bank's mortgage interest in the subject real property in this case, it is readily apparent that Regions Bank has no intention of appearing in this action and is waiving whatever negligible interest it might have in the subject real property. On that basis, and given Regions Bank's unambiguous default, the Government's Motion for Entry of Default Judgment is **granted** pursuant to Rule 55(a), Fed.R.Civ.P. A separate default judgment will be entered in favor of the Government and against Regions Bank, declaring that (i) any mortgage lien and/or other claims

---

[3] Regions Bank's refusal, without good cause, to sign and return the waiver of service requested by the Government in this case renders it responsible to plaintiff for "the expenses later incurred in making service." Rule 4(d)(2)(A), Fed.R.Civ.P. The Government paid the process server $65.00 as compensation for effecting personal service on the Bank. (Murphy Decl. (doc. 35-1), ¶ 9 & Exhs. B, C.) Therefore, Regions Bank will be ordered to reimburse that amount to the Government.

[4] The Certificate of Service accompanying the Application for Clerk's Entry of Default confirmed that the Government mailed a copy of the Application to Regions Bank's registered agent for service of process in Alabama. Thus, defendant Regions Bank has been on notice of the ongoing default proceedings against it for nearly a month.

that Regions Bank might have in and to the real property that is the subject of this foreclosure action (the "Baldwin County Property") do not attach to said real property, (ii) any sale or disposition of the Baldwin County Property in this action shall be made free and clear of any liens and/or claims that Regions Bank might have in and to such property, (iii) none of the proceeds received from the sale or disposition of the Baldwin County Property in this action shall be distributed to Regions Bank, and (iv) the Government is entitled to recover the sum of $65.00 from Regions Bank pursuant to Rule 4(d)(2)(A), representing the costs that the Government incurred to serve the Summons and Complaint on that defendant after Regions Bank, without good cause, refused to waive service.

      DONE and ORDERED this 29th day of July, 2015.

                                      s/ WILLIAM H. STEELE
                                      CHIEF UNITED STATES DISTRICT JUDGE